UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/21/2022
```

ALEXIS VALDEZ,

                          Movant,

            -against-

UNITED STATES OF AMERICA,

                          Respondent.

22-CV-7626 (KMW)
17-CR-0487 (KMW)

ORDER

KIMBA M. WOOD, United States District Judge:

Movant Alexis Valdez ("Valdez"), currently incarcerated at United States Penitentiary

Canaan in Waymart, Pennsylvania, brings this *pro se* motion under 28 U.S.C. § 2255 challenging

the legality of his sentence entered in *United States v. Valdez*, ECF 1:17-CR-0487, 266 (S.D.N.Y.

Apr. 17, 2019). For the following reasons, the Court directs Valdez to file a declaration within

sixty days of the date of this order showing cause why this motion should not be denied as time-

barred.

## BACKGROUND

On April 17, 2019, Valdez pleaded guilty to: (1) conspiracy to distribute and possess with

intent to distribute heroin and cocaine base, and (2) unlicensed dealing in firearms. *See Valdez*,

ECF 1:17-CR-0487, 266. Valdez appealed his conviction, and on March 20, 2020, the United

States Court of Appeals for the Second Circuit entered an order granting: (1) appellate counsel's

motion to withdraw as counsel, pursuant to *Anders v. California*, 386 U.S. 738 (1967), and

(2) the Government's motion to dismiss the appeal as to the conviction and sentence.[1] *See id.*

(ECF 292) (Mandate issued May 22, 2020). He now asserts claims of ineffective assistance of

counsel.

---

[1] The electronic case filing system for the Court of Appeals indicates that the order
dismissing Valdez's appeal was entered the same date it was issued.

Following the dismissal of his appeal, Valdez notified the Court of his intention to file a Section 2255 motion. In an undated letter, received by the Court on September 18, 2020, Valdez requested information regarding the commencement of the statute of limitations for his Section 2255 motion, noting that he and his family were unable to communicate with his lawyer to confirm the date by which he needed to file his motion. *See id.* (ECF 295). The Court informed Valdez, in an October 14, 2020, memo-endorsement, that the Court was unable to provide Valdez with legal advice. *See id.* (ECF 297).

The following year, on April 15, 2021, the Court received another letter from Valdez, requesting an extension of time to file his Section 2255 motion. *See id.* (ECF 313.) On April 21, 2021, the Court denied this request because Valdez had failed to allege any facts in support of his grounds for relief. *See id.* (ECF 316). This memo-endorsement was returned to the court as undeliverable because the mailing address was incorrect. *See id.* (ECF 317). On June 8, 2021, the court's Clerk's Office resent the memo-endorsement to the correct address, and this mailing was not returned to the court.

On March 20, 2020, the United States Court of Appeals for the Second Circuit entered judgment granting the Government's motion to dismiss Valdez's direct appeal. Under revised Supreme Court rules, extending the time to file a petition for a writ of *certiorari* from 90 days to 150 days,[2] Valdez had until August 17, 2020, to seek review in the Supreme Court.[3] His time to

---

[2] Due to the Covid-19 pandemic, the U.S. Supreme Court temporarily extended the time to file a petition for a writ of *certiorari*, from 90 days to 150 days for any case where the petition was due on or after March 19, 2020. On July 19, 2021, the Supreme Court rescinded the extension for any case in which the relevant lower court judgment, order denying discretionary review, or order denying a timely petition for rehearing was issued on or after July 19, 2021. Valdez's motion, had he filed one, would have been due after March 19, 2020, but before July 19, 2021.

[3] The time to file a petition for a writ of *certiorari* starts on the date the judgment is entered by the court of appeals, not the date the court of appeals issues its mandate. *See* Sup. Ct.

file a Section 2255 motion expired one year later, on August 17, 2021. One year later, on August 17, 2022, Valdez delivered his Section 2255 motion to prison authorities for mailing.[4] (ECF 1, at 17.)

## DISCUSSION

Valdez's application appears to be time-barred. A federal prisoner seeking relief under Section 2255 generally must file a motion within one year from the date when: (1) the judgment of conviction becomes final; (2) a government-created impediment to making such a motion is removed; (3) the right asserted is initially recognized by the Supreme Court, if it has been made retroactively available to cases on collateral review; *or* (4) the facts supporting the claim(s) could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2255(f). Valdez delivered his motion to prison authorities for filing on August 17, 2022, one year after the statute of limitations to file his motion expired.

The Court therefore directs Valdez to show cause within sixty days why this motion should not be denied as time-barred. Valdez should allege any facts showing that he has been pursuing his rights diligently and that some extraordinary circumstance prevented him from timely submitting this motion. *See Green v. United States*, 260 F.3d 78, 82 (2d Cir. 2001)

---

R. 13.3 ("The time to file a petition for a writ of *certiorari* runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice).")

[4] Under the "prison mailbox rule," courts generally treat documents submitted by individuals who are incarcerated as deemed filed on the date that the individual delivers the document to prison authorities for mailing. *Noble v. Kelly*, 246 F.3d 93, 97-98 (2d Cir. 2001). Where such a litigant does not include the date he delivered his documents to prison authorities, courts generally rely on the signature date as the date the documents were delivered. *See Hardy v. Conway*, 162 F. App'x 61, 62 (2d Cir. 2006). ("[I]n the absence of contrary evidence, district courts in this circuit have tended to assume that prisoners' papers were given to prison officials on the date of their signing.").

(holding that extraordinary circumstances may warrant tolling the statute of limitations for
§ 2255 motions).

**CONCLUSION**

The Court directs Valdez to file a declaration within sixty days of the date of this order
showing cause why the motion should not be denied as time-barred. For Valdez's convenience, a
declaration form is attached to this order. If Valdez files a declaration within the time allowed,
the Court will review it, and if proper, will order that the motion be served on Respondent. If
Valdez fails to comply with this order, the motion will be denied as time-barred. No answer will
be required at this time.

The Court directs the Clerk of Court to file this order in both the civil and criminal cases.

Because Valdez has not at this time made a substantial showing of the denial of a
constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would
not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an
appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   9 - 21 - 22
         New York, New York

                                                KIMBA M. WOOD
                                                United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the first and last name of each plaintiff or
petitioner.

Case No. _____ CV _____

-against-

_____

_____

_____

_____

Write the first and last name of each defendant or
respondent.

# DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's
Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ ,  declare under penalty of perjury that the

following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court
order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

Rev. 10/3/16

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

_____    _____
Executed on (date)                  Signature

_____    _____
Name                                Prison Identification # (if incarcerated)

_____    _____
Address                             City          State          Zip Code

_____    _____
Telephone Number (if available)     E-mail Address (if available)