USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  March 30, 2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X

UNITED STATES OF AMERICA

        v.

ALEXIS VALDEZ,

        Defendant.

--------------------------------------------------------X

17-CR-487 (KMW)

22-CV-7626 (KMW)

**OPINION & ORDER**

KIMBA M. WOOD, United States District Judge:

Defendant Alexis Valdez, proceeding *pro se*, has filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), Def.'s Mot. For Compassionate Release, ECF No. 348 ("Def.'s CR Mot."), and a motion for Retroactive Application of Amendment 821, pursuant to 18 U.S.C. § 3582(c)(2), Def.'s Mot. for Retroactive Application, ECF No. 352 ("Def.'s Mot. for Retro. Appl."). The Government opposes Defendant's motions. (Gov't Opp'n, ECF No. 358.) For the reasons set forth below, the Court DENIES Defendant's motions.

**BACKGROUND**

Valdez is serving a 160-month sentence of imprisonment after pleading guilty in April 2018 to: (1) Conspiracy to Distribute and Possess with Intent to Distribute Heroin and Cocaine Base, in violation of 21 U.S.C. §§ 846, 841 (b)(1)(B) ("Count One"); and (2) Unlicensed Dealing in Firearms, in violation of 18 U.S.C. § 922(a)(1)(A) ("Count Two"). Between at least October 2016 and August 2017, Valdez operated as a street-level dealer for a nationwide Crips street gang known as the Rollin' 30s Crips, located primarily in the Bronx, New York. (Presentence Investigation Report, ECF No. 247, ¶18-19.) As a member of the Rollin' 30s Crips at that time,

Valdez accepted responsibility for selling approximately 200 grams of heroin, 60 grams of cocaine, and firearms (along with ammunition and related paraphernalia). *Id.* ¶ 31. The government indicted Valdez, and others, with controlled substance and gun trafficking offenses. Valdez entered into a plea agreement with the government for the above-referenced counts, and this Court sentenced Valdez in April 2019 to 160-months' imprisonment on Count One, and 60-months' imprisonment on Count Two, with the sentences to run concurrently. (J., ECF No. 266, at 1-2.) Valdez later moved to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Def.'s Mot., ECF No. 328.) This Court denied that motion on March 22, 2023. (Mar. 22, 2023 Op. & Order, ECF No. 336.)

Valdez is currently incarcerated at New York RRM, a residential reentry facility, in New York, New York. *See Find an Inmate*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Mar. 30, 2026.)

**LEGAL STANDARD**

Pursuant to § 3582(c)(1)(A), a court may reduce a defendant's sentence if the court finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). Three requirements must be met before a court can grant such relief. First, a defendant must "fully exhaust[]" all administrative remedies with the Bureau of Prisons ("BOP"). *Id.* Second, a defendant must show that "extraordinary and compelling reasons warrant such a reduction."[1] *Id.* Third, Section 3553(a) sentencing factors must support early release. *Id.* Such factors include "the nature and circumstances of the offense and the history and characteristics of the defendant" and "the need for the sentence imposed . . . to reflect the

---

[1] The Court's analysis as to whether a defendant has demonstrated extraordinary and compelling reasons is now controlled by the amended version of U.S.S.G. § 1B1.13, effective November 1, 2023.

seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a).

## DISCUSSION

### I.    Valdez's Motion is Properly Before the Court

A defendant may move for compassionate release only after he has "fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of [his] facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A). As part of his motion, Valdez attached a denial of his request for compassionate release or reduction in sentence from the Warden at FCI Ray Brook, dated December 14, 2023. (Def.'s CR Mot., Ex. B.)[2] Thus, Valdez has satisfied the predicate requirements to move for compassionate release.

### II.    Valdez Has Not Demonstrated "Extraordinary and Compelling" Reasons for Compassionate Release

Although Valdez raises numerous arguments in moving for compassionate release, none of them, considered either independently or together, satisfy the standard for granting him compassionate release. The arguments Valdez raises are: (1) his medical issues; (2) his contraction of, confinement during, and potential exposure to, COVID-19; (3) his genuine

---

[2] Although Valdez is no longer incarcerated at the facility referenced in this letter, the Court nonetheless finds Valdez satisfied his exhaustion requirement.

remorse and accepting of responsibility; (4) his family circumstances; (5) changes in the law; and (6) his rehabilitation. The Court considers these arguments in order.

### A. Valdez's Medical Conditions Do Not Rise to the Level of Extraordinary and Compelling Reasons for Compassionate Release

Valdez argues that this Court should modify his sentence because: (1) he suffers from myriad medical conditions like sickle cell anemia, asthma, high cholesterol, mental health issues, and speech impairment; and (2) the BOP has failed to provide adequate care for those conditions. (Def.'s CR Mot., at 16-17.)

As relevant here, Section 1B1.13 defines extraordinary and compelling medical conditions to include either: (1) a terminal illness; (2) a serious physical or medical condition that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover; or (3) a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk or serious deterioration in health or death. U.S.S.G. § 1B1.13(b)(1).

Valdez has failed to supply any proof demonstrating that his medical conditions meet any of the above-mentioned categories. The only exhibit Valdez attaches to his motion concerning his medical condition is a 1998 New York City Individualized Education Program that references his having a speech impediment and taking iron vitamins for sickle cell anemia. (Def.'s CR Mot. Ex. V.) But Valdez's more recent medical records from the BOP, supplied by the Government, contradict Valdez's complaints about his medical conditions and the BOP's management of them. Instead, Valdez's medical records indicate that he denied having sickle

cell anemia as recently as 2023, Gov't Opp'n, Ex. B, at 2, and that other medical conditions about which he complains (like his asthma) are resolved. (Gov't Opp'n, Ex. A. at 3.)

Valdez does not articulate how the BOP is failing to manage or treat his alleged conditions, but instead merely cites cases that suggest that other BOP facilities may not be providing appropriate medical care in some situations. These generalized allegations of inadequate care for medical conditions do not suffice to show that the BOP is failing to attend to the medical conditions alleged by Valdez. Thus, Valdez has failed to show that his medical conditions rise to the level of extraordinary and compelling circumstances. *United States v. Pajtim Hoti.*, No. 15-CR-651-LTS-1, 2026 WL 670175, at *3 (S.D.N.Y. Mar. 10, 2026) (Swain, C.J.) (denying a defendant's motion for compassionate release where he failed to provide "any evidence substantiating his [medical ailments] or describing how [they] reach the level of 'extraordinary and compelling.'")

### B.    Valdez's Exposure to—and Confinement During—COVID Do Not Constitute Extraordinary and Compelling Reasons for Release

Valdez also argues that he suffered unusually harsh confinement conditions during the COVID-19 pandemic because he was: (1) subject to "lock-downs," Def.'s CR Mot., at 10; (2) contracted COVID-19, *id*; and (3) continues to face risks posed by COVID-19, *id.* at 17.

First, the weight of authority in this district is that the mere allegation of harsh confinement conditions during the COVID-19 pandemic—without more—does not rise to the level of extraordinary and compelling circumstances. *United States v. Larkin*, No. 19-CR-833, 2026 WL 456596, at *1 (S.D.N.Y. Feb. 18, 2026) (Stein, J.) (denying a defendant's *pro se* motion for compassionate release after finding that—*inter alia*—the harsh conditions of confinement about which the defendant complained were not enough to constitute extraordinary and compelling circumstances) (citing *United States v. Abad*, No. 01-cr-831, 2026 WL 279421,

at *3 (S.D.N.Y. Feb. 3, 2026)). The Court notes that Valdez's characterization of his confinement conditions as "harsh" is belied by his later arguments demonstrating that he was able to participate in many BOP programs during the same time period.

Second, neither Valdez's having contracted COVID-19 in the past nor his risk of contracting COVID-19 again presents an extraordinary and compelling reason for his release. As discussed above, Valdez has not demonstrated that he is currently suffering from any medical conditions—such as complications from having contracted COVID-19—to justify his early release. Additionally, Valdez received vaccinations and boosters against the illness, Def.'s CR Mot. at 17, which suggests that there is no need for his early release on account of his potential to contract the illness again. *United States v. Pena*, No. 90-CR-553, 2025 WL 2726642, at *2 (S.D.N.Y. Sept. 25, 2025).

### C. Valdez's Remorse and Acceptance of Responsibility Are Not Extraordinary and Compelling Reasons for Release

Valdez previously accepted responsibility for his actions (*see* Sent'g Tr., ECF No. 269, at 14:8-9). His continued remorse is not extraordinary or compelling. *United States v. Rivera*, No. 13-CR-424, 2024 WL 706961, at *3 (S.D.N.Y. Feb. 21, 2024) (Wood, J.) (finding defendant's continued remorse was not extraordinary or compelling) (citing *United States v. Muntslag*, No. 13-CR-635, 2022 WL 255347, at *3 (S.D.N.Y. Jan. 25, 2022)); *United States v. Carlton*, No. 05-CR-796, 2022 WL 17104061, at *8 (S.D.N.Y. Nov. 22, 2022), *reconsideration denied*, 2023 WL 1070219 (S.D.N.Y. Jan. 27, 2023) (Gardephe, J.)

### D. Valdez's Familial Circumstances Do Not Constitute Extraordinary and Compelling Reasons for Release

Valdez asserts that his mother and grandmother require his care because of their advancing age and numerous medical conditions. (Def.'s CR Mot., at 16.) Similarly, Valdez seeks compassionate release because he wants to be an active father in his daughters' lives since

their mother passed in 2020. *Id.* But U.S.S.G. §1B1.13(b)(3)(D) applies only when a defendant is the "only available caregiver" to an incapacitated—or minor—family member. According to Valdez's motion, other family members—namely his brothers and sister—already care for his grandmother, mother, and two daughters. Because Valdez is not the "only" caregiver for these family members, he has not shown that his familial circumstances constitute extraordinary and compelling circumstances. *Larkin*, 2026 WL 456596, at *2.

**E.      The Intervening Changes in Law Are Not Extraordinary or Compelling Circumstances**

Valdez makes three arguments concerning changes in the law that, he asserts, justify his compassionate release. First, Valdez argues that he would no longer be subject to the mandatory minimum associated with § 841(b)(1)(B) if he were sentenced today because he did not "allocate [*sic*] to criminal conduct involving a specific weight of crack cocaine." (Def.'s CR Mot. at 14.) Second, Valdez argues that he would no longer be considered a career offender for sentencing purposes because his two predicated New York State felony convictions are broader than the federal analog. *Id.* at 9. Third, Valdez asserts that if he receives the benefit of an amendment to the U.S.S.G., he would no longer accrue the same number of criminal history points if he were sentenced today. (Def.'s Mot. for Retro. Appl., at 1) (arguing that application of this amendment will lower his PATTERN score and make him eligible to apply his time credits).

Valdez has not satisfied the criteria for this Court to consider whether changes in the law may constitute an extraordinary and compelling circumstance. The policy statement is clear that "a change in the law . . . shall not be considered for purposes of determining whether an extraordinary and compelling reason exists," unless either: (1) the defendant received an unusually long sentence; or (2) the defendant otherwise established an independent extraordinary and compelling reason to warrant a sentence reduction. U.S.S.G. § 1B1.13(b)(6); U.S.S.G. §

7

1B1.13(c). Valdez does not argue that he received an unusually long sentence. And as discussed, he has not otherwise established an independent extraordinary or compelling reason for his release. Thus, this Court cannot consider changes in the law in assessing whether Valdez qualifies for a sentence reduction here.

### F.   Rehabilitation Alone is Not Enough to Constitute Extraordinary and Compelling Circumstances

Valdez's only remaining argument is that his post-sentence rehabilitation constitutes an extraordinary and compelling reason for release. But 28 U.S.C. § 994(t) states that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t); *see also* U.S.S.G. § 1B1.13(d). The Court commends Valdez for his participation in programming during his current term of incarceration, Def.'s CR Mot. at 10-12, but that participation is not extraordinary and compelling on its own. *See e.g.*, *United States v. Corbett*, No. 10-CR-184, 2023 WL 8073638, at *7 (S.D.N.Y. Nov. 21, 2023) (Engelmayer, J.) (holding that participation in rehabilitative programming is expected of inmates and does not constitute an extraordinary and compelling circumstance) (collecting cases).[3]

### III.   The Applicable Section 3553(a) Factors Do Not Support Release

Even if Valdez could demonstrate an "extraordinary and compelling" reason for a sentence reduction, the Section 3553(a) factors do not support his release. As the Court explained when it sentenced Valdez, "[i]t would be difficult to overstate the seriousness of the crimes here" given the large amounts of narcotics and the firearms at issue. (Sent'g Tr. at 22:10-12.) And

---

[3] Although Valdez filed a motion requesting that the Probation Office be ordered to amend his PSR, a motion pursuant to §3582 is not the proper vehicle to request such relief. *United States v. Smalling*, 644 F. App'x 3, 4 (2d Cir. 2016) (denying a *pro se* defendant's request to modify his PSR because it was not raised in a 28 U.S.C. §2241 motion). Because Valdez has not raised his request pursuant to §2241, his request is denied, without prejudice, with leave to renew it pursuant to §2241.

although the Court is sympathetic to Valdez's family circumstances and medical conditions, these are not sufficient to merit release. Valdez's conduct merits the sentence he received. A sentence reduction would not "promote respect for the law [and] provide just punishment for the offense." 18 U.S.C. 3553(a).

## CONCLUSION

For the foregoing reasons, Valdez's motions for compassionate release under § 3582(c)(1)(A) and motion for Retroactive Application of Amendment 821, under 18 U.S.C. § 3582(c)(2) are DENIED.

The Clerk of Court is respectfully directed to close the pending motions at ECF Nos. 348 and 352.

SO ORDERED.

Dated: New York, New York
         March 30, 2026

                               */s/ Kimba M. Wood*
                               KIMBA M. WOOD
                         United States District Judge